UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
APR 21 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BILLY TYLER, | CIV 04-4151 |
| Petitioner, | |
| vs. | |
| "KARI," Deputy Clerk of Minnehaha County, South Dakota, 2nd Circuit in Sioux Falls, South Dakota; and CHUCK FECHNER, Clerk of Circuit Court, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On December 21, 2004, this Court entered an Order vacating a previous Order granting Petitioner's request to proceed in forma pauperis and advising Petitioner that he must pay the filing fee within 20 days or the case would be dismissed. Doc. 29. Petitioner did not pay the filing fee. On January 20, 2005, this Court entered its Order dismissing this action without prejudice. Doc. 33. The Clerk's office did not serve notice of the January 20, 2005, Order to the parties as is required by FED. R CIV.P. 77(d).

On March 10, 2005, Petitioner filed a notice of appeal from the "order purporting to dismiss this case." Doc. 34. It is not clear whether this notice of appeal relates to the December 21, 2004, Order or the January 20, 2005, Order. On March 21, 2005, Petitioner filed a motion to "file notice of appeal out of time showing that the clerk never notified of the 1-20-05 order terminating the case." Doc. 38. Although the motion contains a certificate of service stating that the motion was mailed to Respondents' counsel on March 14, 2005, there has been no response to the motion.

A notice of appeal from the final order was not filed within the 30 days allowed by FED. R. APP. P. 4(a)(1)(A). Also, Petitioner did not file a motion to extend the time to file a notice of appeal within 30 days of the time to file a timely notice of appeal as is required by FED. R. APP. P. 4 (5)(A)(i). However, the Court has authority to reopen the time to file an appeal under certain circumstances set forth in FED. R. APP. P. 4(6). FED. R. APP. P. 4(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>> (C) the court finds that no party would be prejudiced.

The Court will treat Petitioner's motion as a motion to reopen the time to file an appeal. The motion was filed within 180 days after the January 20, 2005, Order was filed. The Court finds that Petitioner was entitled to notice of the entry of the order and did not receive notice from the district court or any party within 21 days after entry of the order.[1] The docket entries to date do not include a notice of entry of the January 20, 2005, Order, from either the clerk or Respondents. The Court finds that no party would be prejudiced by extending the deadline. Accordingly,

IT IS ORDERED that the time to file an appeal is reopened pursuant to FED. R. APP. P. 4(6), and that Petitioner shall have 14 days from the date of this Order to file a notice of appeal from the January 20, 2005, Order, which dismissed his case.

Dated this ___ day of April, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Margulies_
(SEAL)  DEPUTY

---

[1] A number of circuits have held that the 7-day period in FED. R. APP. P. 4(6)(A) is triggered only by receipt of written notice. *See, e.g., Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 963 (5th Cir. 2000). The Eighth Circuit requires "actual notice" but does not indicate whether an oral notice would be sufficient. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 359 (8th Cir. 1994).

2